IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLTON E. JENNINGS : | |
|     Plaintiff : | |
| : | C.A. NO. 02-195 ERIE |
| v : | |
| OFFICER LES FETTERMAN : | JUDGE COHILL |
|     Defendant : | MAGISTRATE JUDGE BAXTER |
| : | |
| CHARLTON E. JENNINGS : | |
|     Plaintiff : | |
| : | C.A. NO. 02-196 ERIE |
| v : | |
| OFFICER TERRY DAWLEY : | JUDGE COHILL |
| Defendant : | MAGISTRATE JUDGE BAXTER |

**DEFENDANT'S MOTION *IN LIMINE***

Defendants Officer Les Fetterman and Officer Terry Dawley, by and through the Office of City of Erie Solicitor, files the following Motion *In Limine* regarding Plaintiff's proffered testimony and evidence at trial, as set forth in his Pretrial Statement.

1. Plaintiff Charlton Jennings filed his Pretrial Narrative Statement in these consolidated cases on March 23, 2005, after court-granted extensions of the Case Management Schedule.

2. Set forth in his Statement are claims, witnesses and purported evidence regarding matters previously excluded from consideration by this court; specifically as to "deliberate indifference" to his medical needs, and excessive force regarding defendant Les Fetterman.

3. The court has previously limited the triable issues to those which revolve around the allegation that defendant Dawley was called into duty to assist in

    Plaintiff's capture while Dawley was intoxicated; with the implication being that an exchange of gunfire between Dawley and Plaintiff, during which both were shot and for which Plaintiff was ultimately convicted of Attempted Murder, constituted an excessive use of deadly force under the Fourth Amendment, and that Defendant Fetterman knew or should have known of Dawley's alleged impairment and refused to dispatch him.

4. The fact that a criminal court jury found Plaintiff's allegations to be false beyond a reasonable doubt in convicting him of Attempted Murder of Dawley, as well as other felonies and misdemeanors arising from his violent actions of assaulting another officer, stealing a police revolver, shooting the first officer in the leg, and preparing to shoot Dawley on July 7, 2000 highlights the inappropriate nature of Plaintiff's attempt to retry his criminal case in this civil action. He has listed 21 witnesses and 17 broad categories of documents which appear to be a Discovery demand more than a compilation of actual witnesses and evidence he can present. Much of this material, such as ballistic reports, emergency medical treatment information, policies and procedures and other general or post-shooting information are clearly outside the scope of this matter.

5. Plaintiff continues to be under the impression that he can compel a retrial of the criminal case against him through 42 U.S.C. 1983, when precisely the opposite is true. He must present positive evidence to support the tenuous theories which the court has permitted to go forward, not troll through everything involved in his case for some nugget he can misinterpret as

exculpatory evidence.

6. Most recently, Plaintiff filed on October 31, 2005 a Motion to Compel Previous Requested Discovery regarding these largely irrelevant and overbroad discovery demands. This Motion is filed in response thereto.

7. Specific problems with each of the 15 listed demands are as follows:

No. 1. Plaintiff wants a copy of his entire criminal court transcript from the Erie County Court. He has been given one, has submitted excerpts from it in his own pleadings, and will be given a and will be given a copy of the portions which Defendants would submit at trial as listed in the Defendants' Pretrial Narrative. If he wants another copy of the whole transcript, he must order it from the Erie County Clerk of Courts Office. The City does not possess a full transcript copy.

No. 2. Similar demands for Common Pleas material and police reports. He has most of these already, to the extent relevant, and will get additional copies of those chosen as defense trial exhibits.

Nos. 3. & 4. Most of the police reports and all of the photographs and complaints are irrelevant to the specific issues to be tried in this case, and are merely Plaintiff's attempt at a collateral civil attack on his final criminal convictions.

No. 5. "Radio Logs Transcripts" is any exist, are irrelevant to the issues to be tried in this case, as are any "911 Surveillance Tapes" if they even exist.

No. 6. St. Vincent hospital records are not in the Defendants' possession, other than those already submitted by Plaintiff. As to Defendant Dawley's treatment, if it is possible to recover records of his blood alcohol testing as discussed in Plaintiff's criminal trial, the Defendants will produce them. Defendants believe they are entitled to rely upon the criminal testimony on this mater, which resulted in the jury's rejection of any inference that Defendant Dawley was intoxicated during the gun battle with Plaintiff, which resulted in Plaintiff's conviction of Attempted (First Degree) Murder of Dawley.

No. 7. Forensic pathology reports—utterly irrelevant to the triable issue in this case.

No. 8. Fettermans' and Dawley's statements have been supplied, and they have testified at Plaintiff's criminal trial, during which he and his attorney had every opportunity to present the theory of Dawley's alleged intoxication as a defense. It failed. Psych evaluations, citizen complaints and shooting history are

irrelevant and improper in this case, as Plaintiff simply seeks to attack his conviction. Without waiving such objection, Defendants assert that neither officer has ever shot a suspect prior to this encounter.

No. 9. A listing of all of the medical, ambulance and fire personnel involved in the Plaintiff's medical care has already been made known to Plaintiff, and a particular listing is both unnecessary and of limited relevance to the isolated issue of Dawley's alleged intoxication and Fetterman's alleged knowledge thereof.

No. 10. Prison medical personnel—not known for certain to these Defendants, and entirely irrelevant.

No. 11. Motion to Discharge Defendant in Common Pleas Court—not in these defendants' possession, and irrelevant.

No. 12. Police Critical Incident Review Report. Utterly irrelevant and actually very damaging to Plaintiff, as noted by the Superior Court opinion rejecting his criminal appeal.

No. 13. Police Department Policy and Procedure Manual—Irrelevant to the triable issues. No conceivable police policy would authorize the willful deployment of an intoxicated police officer from off-duty. Plaintiff needs to prove such is what actually occurred, not point to the Policy manual.

No. 14. Fetterman's 9mm Ruger clip and ballistic results—Irrelevant to the triable issue—it was Dawley who shot Plaintiff, not Fetterman, and no dispute exists.

No. 15. Plaintiff's own ballistic test results regarding his bullet injury---irrelevant, as there is no dispute he was shot, and legal facts regarding the shooting were established in his criminal proceeding.

WHEREFORE, Defendants respectfully request an Order of Court limiting Plaintiff to direct evidence of the specific issues permitted to be tried.

Respectfully Submitted,

OFFICE OF ERIE CITY SOLICITOR
By: s:/Gerald J. Villella, Esq.
Gerald J. Villella, Esq. PA ID 32814
626 State Street, Room 505
Erie, PA 16501
(814) 870-1235