IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLTON EARLE JENNINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civ. No. 02-195 Erie** |
| | ) | |
| **LES FETTERMAN, OFFICER,** | ) | |
| in his individual capacity | ) | |
| | ) | |
| **Defendant.** | ) | |

| | | |
|---|---|---|
| v. | ) | **Civ. No. 02-196 Erie** |
| | ) | |
| **TERRY DAWLEY, OFFICER** | ) | |
| | ) | |
| **Defendant.** | ) | |

| | | |
|---|---|---|
| v. | ) | **Civ. No. 02-210 Erie** |
| | ) | |
| **ERIE COUNTY DISTRICT** | ) | |
| **ATTORNEYS OFFICE,** | ) | |
| **D.A. BRAD FOULK, and** | ) | |
| **EX-EPD, CHIEF PAUL DEDIONISIO,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### Memorandum Order

On November 29, 2005, we entered an Opinion and Order dismissing Plaintiff's claims in the above-entitled actions asserted against the Defendants as a matter of law. Judgment was entered in favor of Defendants and against Plaintiff. Plaintiff, proceeding pro se, has filed an Application for Enlargement of Time to File a Motion to Vacate Judgment

dated December 21, 2005, seeking an additional 60 days within which to file a motion to vacate the judgment.

It is unclear what Plaintiff means by a motion to vacate judgment. Plaintiff is unable to file a motion to alter or amend a judgment, since such a motion must be filed "no later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e). However, under Federal Rule of Civil Procedure 60(b) a party may move the district court for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed R.Civ.Proc. 60(b). The Rule further states that a "motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Fed R.Civ.Proc. 60(b). Thus, it appears that a motion by Plaintiff filed under Rule 60(b) would be timely, so long as all other requirements of the rule are satisfied, if filed within the next 60 days.

An appeal to the United States Court of Appeals for the Third Circuit from an entry of a judgment or order must be filed with the district clerk within 30 days after the judgment or order is entered. Fed.R.App.P. 4(a). Thus, a notice of appeal in this case must be filed on or before December 29, 2005. Because Mr. Jennings is an inmate confined in an institution, a notice of appeal is timely if it is deposited in the institution's internal mail system on or before

2

the last day for filing, or December 29, 2005, and has the required declaration. F.R.App.P. 4(c)(1). Plaintiff has attached an incomplete Notice of Appeal to the instant motion.

The actions here, along with two other related actions, were originally referred to United States Magistrate Judge Susan Paradise Baxter in accordance with the Magistrates Act, 28 U.S.C. §§ 636 (b)(1), Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges for pretrial procedures. Plaintiff originally filed five separate civil actions against twenty-three defendants. In three of these actions Plaintiff's mother was also a Plaintiff. After disposition of numerous pre-trial motions by the Magistrate Judge the matters were referred back to this Court for further proceedings. At that point, there were three civil actions consolidated into one action by Plaintiff alone asserting claims against six defendants. We set a Pretrial Conference in these actions for November 30, 2005.

On the eve of the Pretrial Conference, we issued our Opinion and Order dismissing Plaintiff's claims and dismissing the three actions. We did so because our review of the parties' pretrial statements convinced us that Plaintiff was unable to prevail as a matter of law on his claims, and thus a jury trial was unnecessary. We considered Defendants' arguments for dismissal of all claims as motions for reconsideration of our previous Orders. In addition to dismissing Plaintiff's actions, we also cancelled the November 30, 2005 Pretrial Conference.

Because we issued our Opinion and Order the day before the Pretrial Conference, Plaintiff, who is incarcerated, was already in the process of being transferred from the State Correctional Institute at Somerset, to the Erie County Prison in Erie, Pennsylvania, in order to attend the Pretrial Conference. A copy of the Opinion and Order was faxed to the U.S.

3

Marshal's Office in Erie, Pennsylvania, in the hope of having the U.S. Marshal deliver the Opinion and Order to Mr. Jennings in the Erie County Prison. However, Mr. Jennings was not at the Erie County Prison on November 29, 2005, he was at the State Correctional Institute at Albion awaiting transfer to Erie. In fact he never made it to Erie because SCI-Albion had been informed that the Pretrial Conference was cancelled.

As a result, although Mr. Jennings knew the conference was cancelled, he did not know the reason why it was cancelled. In addition, because of prison transport procedures, Mr. Jennings remained in SCI-Albion through mid-December. This office mailed notice of the Opinion and Order to Mr. Jennings address at SCI-Somerset. Thus, through no fault of Mr. Jennings he did not receive notice of the entry of judgment against him in a timely manner.

There appears to be no reason at this time to grant Plaintiff's motion insofar as he intends to file a motion under Rule 60(b). However, based on the above-described circumstances in notifying Plaintiff of the judgment we find good cause for extending the time to file a notice of appeal. Fed.R.App.P. 4(a)(5)(A). Accordingly, we will grant Plaintiff's motion to extend the time to file a notice of appeal until January 29, 2006. See F.R.App.P. 4(a)(5)(C).

The following Order is therefore entered.

AND NOW, to-wit, this 29th day of December, 2005, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Application for Enlargement of Time to File a Motion is hereby GRANTED in part and DENIED in part as follows.

4

Plaintiff's Motion is GRANTED insofar as we find good cause for extending the time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A). A notice of appeal must be filed no later than January 29, 2006.

Plaintiff's Motion is DENIED insofar as he seeks an extension of time to file a motion under Federal Rule of Civil Procedure 59(e), as the time period for filing such a motion has expired.

Plaintiff's Motion is DENIED as premature insofar as he seeks an extension of time to file a motion under Federal Rule of Civil Procedure 60(b).

Maurice B. Cohill, Jr.
Maurice B. Cohill, Jr.
Senior United States District Judge

cc:   Charlton Earle Jennings, pro se
      ES-9735
      SCI Somerset
      1600 Walters Mill Road
      Somerset, PA 15510-0002

      David Jonathan Long, Esq.
      626 State Street
      Erie, PA 16501

      Gerald J. Villella, Esq. (by electronic mail)

      Matthew J. McLaughlin, Esq. (by electronic mail)

5