**BPS-288**
NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

—————

No. 06-1058

—————

CHARLTON EARLE JENNINGS

v.

OFFICER LES FETTERMAN, In his official capacity;
OFFICER TERRY DAWLEY;
ERIE COUNTY DISTRICT ATTORNEYS OFFICE;
D.A. BRAD FOULK; EX-EPD,
CHIEF PAUL DEDIONISIO; ERIE POLICE DEPARTMENT
(WD/PA Civil No. 02-cv-00195)

—————

CHARLTON EARLE JENNINGS

v.

OFFICER TERRY DAWLEY
(WD/PA Civil No. 02-cv-00196)

—————

CHARLTON EARLE JENNINGS

v.

ERIE COUNTY DISTRICT ATTORNEY'S OFFICE;
D.A. BRAD FOULK; ERIE POLICE DEPARTMENT
(WD/PA Civil No. 02-cv-00210)

Charlton E. Jennings,
Appellant

———————————

On Appeal From the United States District Court
For the Western District of Pennsylvania
(DC Civil. Nos. 02-cv-00195E, 02-cv-00196E, and 02-cv-00210E)
District Judge: Honorable Maurice B. Cohill

———————————

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)

Before:  RENDELL, AMBRO and GREENBERG,  Circuit Judges.

(Filed:  August 15, 2006)

─────────────────

OPINION OF THE COURT

─────────────────

PER CURIAM

Charlton Earle Jennings appeals from the judgment of the United States District Court for the Western District of Pennsylvania dismissing his civil rights actions filed pursuant to 42 U.S.C. § 1983.  We briefly summarize the events underlying Jennings' claims, as they bear on our discussion.  Erie police stopped Jennings on the evening of July 7, 2000, because his car's taillights were not working.  Jennings provided a false name when asked for identification, and when the name was run through a police computer check, a flag for a suspended driver's license was discovered.  After getting out of the car upon the officers' request, Jennings immediately fled and was pursued by one of the officers.  In the course of the chase, Jennings managed to steal the officer's revolver, shoot him in the leg, and continue running.  Additional officers were called upon to assist in the search for Jennings, including Defendant Terry Dawley who had been off-duty.  After over two hours of searching, Dawley and another officer found Jennings.  A gun battle ensued, resulting in both Dawley and Jennings receiving five gunshot wounds and a second officer's finger being shot off.  After Jennings had fallen to the ground, Officer Les Fetterman jumped on his back and struggled to handcuff him. Fetterman eventually succeeded in this endeavor, after hitting and kicking Jennings in the

head, ribs, and groin.  Jennings was arrested and charged with numerous offenses.  An Erie County jury convicted Jennings of nearly all of the charges, including the attempted homicide of Dawley, aggravated assault, reckless endangerment, theft of the revolver, and resisting arrest.  Jennings' convictions and sentence were affirmed on appeal.

In 2002, Jennings filed three lawsuits under 42 U.S.C. § 1983, claiming that his constitutional rights had been violated by Defendants' actions in the course of his arrest.[1] Defendants' motions to dismiss Jennings' complaints under Federal Rule of Civil Procedure 12(b)(6) were variously granted in part, denied in part, or denied in their entirety by the District Court.  Defendants Fetterman and Dawley then filed motions for summary judgment, to which Jennings responded.  The District Court granted Fetterman's motion for summary judgment in part and denied Dawley's summary judgment motion in its entirety.  The District Court then consolidated the cases for trial, ordered the parties to file pretrial statements, and scheduled a pretrial conference.  In their pretrial statements, Defendants repeated arguments raised in earlier motions.  The court construed these arguments as a motion for reconsideration of its previous orders and proceeded to review and dismiss each of Jennings' claims.  Jennings timely appealed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  We review the District Court's summary judgment dismissal of Jennings' claims de novo, viewing the underlying facts and all reasonable inferences therefrom in the light most favorable to Jennings.  See Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 235 (3d Cir. 1995).

Jennings alleged that Dawley used excessive force by shooting at him while under

---

[1]Jennings originally filed five lawsuits naming 23 defendants.  Two of these suits were previously dismissed.

the influence of alcohol and that Fetterman violated his civil rights by calling Dawley to return to duty even though he knew that Dawley was intoxicated. The District Court determined that these claims were barred as a matter of law by Heck v. Humphrey, 512 U.S. 477 (1994). Under Heck, if a favorable judgment on a § 1983 damages claim would necessarily imply the invalidity of the plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. See Heck, 512 U.S. at 486-87. To succeed on his excessive force claim, Jennings must show that Dawley's shooting at him was unreasonable in light of the circumstances. See Kopec v. Tate, 361 F.3d 772, 776-77 (3d Cir. 2004) (citing Graham v. Connor, 490 U.S. 386, 396 (1989)). The District Court reasoned that Jennings' attempted homicide conviction necessarily meant that the jury had rejected Jennings' theory that he had shot at Dawley in self defense. The court further explained that a judgment in favor of Jennings on his excessive force claim would contradict this jury finding and, by logical extension, invalidate the attempted homicide conviction. As Jennings did not demonstrate that this conviction had already been invalidated, we agree with the District Court that Jennings' claims were barred under Heck.

Jennings next asserts that the Erie Police Department and former police chief Paul DeDionisio deliberately delayed obtaining medical treatment for him for two hours after the gun battle ended. As an arrestee in the custody of government officials, Jennings was required to be given medical care for his wounds. See Monmouth County Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 n.31 (3d Cir. 1987). Denial or delay of such care can constitute "deliberate indifference to a serious medical need," as

proscribed by the Eighth and Fourteenth Amendments.  See id. at 346-47.  The District Court held that the record evidence showed that Jennings was medically treated at the scene for his injuries, initially by a firefighter whom Fetterman had asked to tend to Jennings, and later by a second ambulance which had been called.  As Jennings provided no contradictory evidence, we agree with the District Court that there were no facts demonstrating a "genuine issue for trial" on the issue of deliberate indifference and that both defendants were entitled to summary judgment.  See Fed. R. Civ. P. 56(e).

Jennings contends that District Attorney Brad Foulk directed the police department not to conduct an internal review of the events leading up to his arrest so that Jennings would be deprived of information beneficial to his defense.  We agree with the District Court's dismissal of this claim, given the state courts' uncontradicted findings that the purpose of any internal police review would have been to determine whether the police had received enough help in capturing Jennings, not whether there had been any police misconduct.  See Dist. Ct. Op. at 11.

Jennings' final claim is that Defendants violated his Fourth Amendment rights by ordering the surgical removal of a bullet from his body without his consent.  As the District Court observed, the record shows that Jennings himself sought a court order to have bullets removed from his body due to the pain they were causing.  Therefore, there is no factual basis for finding the surgery "unreasonable" under the Fourth Amendment.  See Winston v. Lee, 470 U.S. 753, 760 (1985).

For the foregoing reasons, we will affirm the District Court's order of dismissal.[2]

---

[2]This appeal was originally listed for possible dismissal under 28 U.S.C. § 1915(e). Given the extent of the proceedings in the District Court, we find that summary

Appellant's motion for the appointment of counsel is denied.

---

affirmance under LAR 27.4 and I.O.P. 10.6 is a more appropriate method of disposing of this appeal.